UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANIE STAPLETON, on her own behalf and
on behalf of her minor child, C.P.,

      Plaintiff,

v.                                        CASE NO.:

TAMPA BAY SURGERY CENTER, INC.,

      Defendant.
_____/

**CLASS ACTION COMPLAINT AND JURY DEMAND**

    Plaintiff, Janie Stapleton, on behalf of herself and her minor child, C.P., brings this action against TAMPA BAY SURGERY CENTER, INC. ("TBSCI"), on behalf of herself and all similarly situated patients (the "Class"), and alleges as follows:

**NATURE OF THE ACTION**

    1.    This class action lawsuit is brought on behalf of the Plaintiff and all other persons similarly situated against TBSCI for its failure to adequately protect its patient's confidential personal information and/or private personal, health and/or financial information (collectively referred to as "Sensitive Information") which led to the loss, theft, disclosure and/or breach of such information resulting in violation of her and the putative class's federal and state constitutional rights, rights under the laws of the United States and the State of Florida, and damages.

    2.    In today's society, the privacy and security of patient information is a top priority for patients and their families. Federal laws require the individuals and

organizations that handle health information to have policies and security safeguards in place to protect patients' Sensitive Information.

3. Unbeknownst to TBSCI patients, TBSCI failed to take adequate measures to protect its patients' Sensitive Information.

4. On May 4, 2017, Sensitive Information related to 142,414 TBSCI patients, including Plaintiff's minor child and other Class members, was posted on a public Internet file-sharing site by an unauthorized party. The Sensitive Information also was posted by a Twitter user (@tdohack3r), who claimed to be the party who obtained the file, including a link to the file. Plaintiff's minor child has been identified as one of the individuals whose information was in the file that was posted.

5. The Sensitive Information disclosed by TBSCI included Class members' full name, Social Security number, home address, date of birth and, upon information and belief, confidential health information and financial information. The .csv-formatted database contained 142,414 patient records with dates of birth and social security numbers in plain text.

6. The Sensitive Information disclosed by TBSCI can be used by the third party (or by other third parties to whom the Sensitive Information is sold or given) to establish lines of credit, obtain driver's licenses, obtain bank and credit accounts, commit income tax fraud, seek medical care under the identity of and using the insurance of the Class members or for other fraudulent identity theft purposes.

7. As a result of TBSCI's failure to implement and follow appropriate security policies and procedures and/or to properly educate its employees, Plaintiff's

Sensitive Information is now disclosed. Plaintiff now faces a substantial increased risk of identity theft and tax or insurance fraud. Indeed, numerous patients whose Sensitive Information was compromised due to TBSCI's failure to protect their Sensitive Information will be subject to an increased risk of identity theft and tax fraud. As a result, Class members will have to spend significant time and money in the future to protect herself.

8. As a result of the obvious risks caused by Defendant's misconduct, Plaintiff Stapleton felt compelled to, and did, purchase credit monitoring/identity theft protection services at a significant cost to her to protect herself and her minor child.

9. As a result of the obvious risks caused by Defendant's misconduct, other reasonably prudent individuals whose Sensitive Information was disclosed by TBSCI will feel, or have felt, compelled to incur the costs of credit monitoring/identity theft protection services.

10. The costs of credit monitoring/identity theft protection services vary depending on a number of factors, including the amount of protection provided. For example, TransUnion's webpage advertises its credit monitoring product for $19.95 per month (plus tax for NY residents). Equifax's webpage advertises its identity-theft and credit-monitoring product, called Equifax Complete™ Premier Plan, for $19.95 per month. Experian's webpage advertises its identity theft-protection product, called ProtectmyID, for $19.95 per month. Finally, AllClear ID's webpage advertises its identity theft and credit-monitoring product for $14.95 per month.

11. Identity fraud arising from data breaches similar to the disclosure in

this case give rise to up to three years or more of future exposure. Therefore, while the heightened risk here will likely persist for many more years to come for the putative class members, it is reasonable to project that the majority of any identity theft or Sensitive Information misuse will occur within the three years following the disclosure.

12. The three year cost of the three most commonly used credit monitoring/identity theft protection services is $718 per putative class member and the lowest priced of these services – AllClear ID – is $538 per putative class member.

13. Defendant has engaged in activities and practices which are in violation of Florida and/or federal laws, rules, or regulations, and Defendant's legal duties thereunder, including but not limited to Fla. Stat. § 501.171. Plaintiff objects to said activities and practices.

## JURISDICTION AND VENUE

14. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because: (a) at least one member of the putative class is a citizen of a state different from Defendant; (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (c) none of the exceptions under the subsection apply to this action.

15. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

16. Plaintiff is a resident of Spring Hill, Florida.

17. Plaintiff is the legal parent of minor C.P., who also resides in Spring Hill.

18. As an TBSCI patient, C.P. and/or Plaintiff provided Sensitive Information to TBSCI.

19. Defendant TBSCI is a Florida corporation headquartered at 11811 N. Dale Mabry Hwy., Tampa, FL 33618. TBSCI is an operator of two outpatient surgery facilities serving the greater Tampa Bay region.

## CLASS ALLEGATIONS

20. **The Class**: Plaintiff brings this action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of herself and a Class of similarly situated individuals defined as: All individuals in the United States who are or were patients of TBSCI and whose Sensitive Information was disclosed by TBSCI between May 4, 2017 and present.

21. **Numerosity**: The exact number of members of the Class is unknown to Plaintiff at this time, but on information and belief, there are over 142,000 of patients who were adversely affected by the disclosure of Sensitive Information, making joinder of each individual member impracticable.

22. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained damages as a result of the Defendant's uniform wrongful conduct.

23. **Commonality**: Common questions of law and fact exist as to all

members of the Class and predominate over any questions affecting only individual members.

## COUNT I: NEGLIGENCE

24. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 23 as if fully restated herein.

25. Defendant requested and came into possession of Plaintiff's and Class members' Sensitive Information, and had a duty to exercise reasonable care in safeguarding and protecting such information from being accessed and/or disclosed to third parties.

26. Defendant failed to have proper procedures, training and policies in place to detect and prevent the improper disclosure and misuse of the Plaintiff' and members of the Class's Sensitive Information.  The breach of security, voluntary disclosure, unauthorized access, and resulting injury to Plaintiff and the Class were reasonably foreseeable, particularly in light of the heightened importance of patient privacy in today's society and in light of Defendant's inadequate training, inadequate data security system and failure to encrypt the data.

27. Defendant, through its actions, unlawfully breached its duty to Plaintiff and the Class by failing to exercise reasonable care in protecting and safeguarding Plaintiff's and Class members' Sensitive Information.

28. Defendant negligently failed to have procedures in place to detect and prevent access to and/or disclosure of Plaintiff's and Class members' Sensitive Information by or to unauthorized persons.

29. But for Defendant's breach of its duties, Plaintiff's and Class members' Sensitive Information would not have been compromised.

30. Plaintiff's and Class members' Sensitive Information was disclosed as a proximate cause of Defendant failing to exercise reasonable care in safeguarding such information by adopting, implementing, and maintaining appropriate security and training measures and encryption.

31. As a result of Defendant's conduct, Plaintiff and members of the Class have suffered an increased risk of identity theft and tax fraud. Plaintiff and Class members suffered and will continue to suffer actual damages including, but not limited to: expenses and/or time spent on credit monitoring and identity theft insurance; reduced or delayed tax refunds and time spent with the IRS addressing tax fraud issues; time spent scrutinizing bank statements and credit reports; missed wages; damages caused by credit card or other financial fraud; expenses and/or time spent initiating fraud alerts. Plaintiff and Class members have suffered and will continue to suffer other forms of injury and/or harm including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

## COUNT II: BREACH OF FIDUCIARY DUTY

32. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 23 as if fully restated herein.

33. As guardians of Plaintiff's and Class members' Sensitive Information, Defendant owed a fiduciary duty to Plaintiff and the Class to protect the Sensitive

Information.

34. Defendant breached its fiduciary duty to Plaintiff and the Class by:

   a. Failing to implement proper policies and procedures for electronic information systems that maintain sensitive and confidential patient information, including but not limited to encryption;

   b. Failing to implement proper policies and procedures to prevent, detect, contain and correct security violations, including but not limited to e-mail verification and/or phishing and malware prevention software;

   c. Failing to train or educate patients regarding protection of sensitive and confidential patient information, and the threats thereto;

   d. Failing to design, implement, and enforce policies and procedures establishing physical and administrative safeguards to reasonably safeguard sensitive and confidential patient information;

   e. Failing to periodically audit their systems to prevent security breaches; and

   f. Otherwise failing to safeguard Plaintiff's and the Class members' Sensitive Information.

35. As a result of Defendant's conduct, Plaintiff and members of the Class

have suffered an increased risk of identity theft and tax fraud. Plaintiff and Class members suffered and will continue to suffer actual damages including, but not limited to: expenses and/or time spent on credit monitoring and identity theft insurance; reduced or delayed tax refunds and time spent with the IRS addressing tax fraud issues; time spent scrutinizing bank statements and credit reports; missed wages; expenses and/or time spent initiating fraud alerts. Plaintiff and Class members have suffered and will continue to suffer other forms of injury and/or harm including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

## **COUNT III: INVASION OF PRIVACY**

36. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 23 as if fully restated herein.

37. TBSCI's misconduct and failure to protect Plaintiff's and Class members' Sensitive Information constituted an invasion of their privacy and Sensitive Information.

38. Said Sensitive Information is not a matter of public concern.

39. TBSCI's misconduct resulted in an unreasonable intrusion into the private life and matters of Plaintiff and the Class.

40. TBSCI's failures and misconduct constituted a public disclosure of private facts, the nature of which a reasonable person of ordinary sensibilities would find objectionable and offensive.

41. As a direct result of TBSCI's failures and misconduct, Plaintiff's and the

Class's Sensitive Information were disclosed to the public.

42. As a result of Defendant's conduct, Plaintiff and members of the Class have suffered an increased risk of identity theft and tax fraud. Plaintiff and Class members suffered and will continue to suffer actual damages including, but not limited to: expenses and/or time spent on credit monitoring and identity theft insurance; reduced or delayed tax refunds and time spent with the IRS addressing tax fraud issues; time spent scrutinizing bank statements and credit reports; missed wages; expenses and/or time spent initiating fraud alerts. Plaintiff and Class members have suffered and will continue to suffer other forms of injury and/or harm including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, pray for the following relief:

A. Certify this case as a class action on behalf of the Class as defined above, and appoint Janie Stapleton, on behalf of herself and her minor child C.P., as class representatives and undersigned counsel as lead counsel;

B. Find that Defendant is liable under all legal claims asserted herein for its failure to safeguard Plaintiff's and Class members' Sensitive Information;

C. Award damages, including statutory damages where applicable and punitive damages, to Plaintiff and the Class in an amount to be determined at trial;

D. Award restitution for any identity theft, including, but not limited to,

payment of any other costs, including attorneys' fees incurred by the victim in clearing the victim's credit history or credit rating, in obtaining a tax return, or any costs incurred in connection with any civil or administrative proceeding to obtain a tax return or to satisfy any debt, lien, or other obligation of the victim arising as the result of Defendant's actions;

  E. Award Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

  F. Award Plaintiff and the Class pre- and post-judgment interest to the maximum extent allowable under the law;

  G. Award equitable, injunctive and declaratory relief as may be appropriate under applicable laws, including but not limited to: (i) the provision of credit monitoring and/or credit protection services for the Class for at least five years; (ii) the provision of bank monitoring and/or bank monitoring services for the Class for at least five years; (iii) the provision of identity theft insurance for the Class for at least five years; (iv) the provision of credit restoration services for the Class for at least five years; (v) requiring that Defendant receive periodic compliance audits by a third party regarding the security of its computer systems used for storing current and former patient data, to ensure against the recurrence of a data breach by adopting and implementing best security data practices; and (vi) a declaration that Defendant was negligent and liable under all legal claims asserted herein for its failure to safeguard Plaintiff's and Class members' Sensitive Information; and

  H. Award such other and further legal or equitable relief as equity and

justice may require.

Plaintiff requests a trial by jury of all claims so triable.

DATED this 27th day of June, 2017.

                Respectfully submitted,

                WHITTEL & MELTON, LLC
                */s/ Jay P. Lechner*
                Jay P. Lechner, Esq.
                Florida Bar No.: 0504351
                Jason M. Melton, Esq.
                Florida Bar No.: 605034
                One Progress Plaza
                200 Central Avenue, #400
                St. Petersburg, Florida 33701
                Telephone: (727) 822-1111
                Facsimile: (727) 898-2001
                    Service Email:
                  Pleadings@theFLlawfirm.com
                  lechnerj@theFLlawfirm.com
                  kmoran@theFLlawfirm.com
                Attorneys for Plaintiff